[22 NYS3d 868]

In the Matter of STEVEN ALTMAN, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, January 26, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.
*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven Altman was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1987. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

In 2004, respondent represented a family friend pro bono, and attempted to negotiate a severance agreement with her former employer. The friend's former employer, a broker dealer, was at the time the subject of an administrative proceeding before the U.S. Securities and Exchange Commission (SEC). Respondent offered, without the friend's knowledge, to have her either avoid testifying or falsely testify in the SEC proceeding if her former employer agreed to the proposed severance agreement. The employer's counsel taped his telephone conversations with respondent and disclosed them during the course of impeaching the employee while she was testifying in the SEC proceeding.

The SEC brought a separate proceeding against respondent on account of the taped conversations. Following a hearing, an SEC Administrative Law Judge (ALJ) made misconduct findings and suspended respondent from appearing before the SEC for nine months. On appeal, the SEC affirmed the misconduct findings but increased the sanction and permanently barred respondent from practicing before the SEC. Respondent unsuccessfully appealed to the District of Columbia (*Altman v Securities & Exch. Commn.*, 666 F3d 1322 [DC Cir 2011]).

By unpublished order dated February 3, 2014 (M-4107), this Court granted the Departmental Disciplinary Committee's (Committee) petition for an order giving collateral estoppel effect to a November 10, 2010 decision by the SEC confirming an

ALJ's findings that respondent intentionally offered to have his client testify falsely in an SEC administrative proceeding, and permanently barred respondent from appearing or practicing before the SEC. This Court found, based on the aforementioned order, that respondent had violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) (conduct prejudicial to the administration of justice) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) (other conduct adversely reflecting on fitness as a lawyer), and referred the matter to a Hearing Panel for a sanction hearing. By report dated October 27, 2014, the Hearing Panel recommended that respondent be suspended for a period of one year.

The Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 605.15, confirming the Hearing Panel's findings of fact and conclusions of law; sanctioning respondent as this Court deems appropriate; and granting such other and further relief as this Court deems just and proper.

Respondent cross-moves for an order confirming the Hearing Panel's report insofar as it found that respondent had presented substantial mitigation; disaffirming the Hearing Panel's findings as to aggravation and recommendation of a one-year suspension; imposing a sanction of no greater than a public censure, a short suspension of six months or less, or, in the alternative, a "suspended" suspension with such conditions as this Court deems appropriate; and sealing of the record with respect to the testimony of two of respondent's character witnesses.

As this is a collateral estoppel proceeding in which this Court has already made misconduct findings, the only issue is the sanction to be imposed. In cases involving similar misconduct, sanctions have ranged from disbarment to suspensions of varying length (see e.g. Matter of Novins, 119 AD3d 37 [1st Dept 2014]; Matter of Gen, 29 AD3d 230 [1st Dept 2006]; Matter of Posner, 136 AD2d 236 [2d Dept 1988], lv denied 73 NY2d 703 [1988]).

We find an 18-month suspension to be appropriate under the circumstances. Such a suspension acknowledges the gravity of respondent's misconduct and the previous misrepresentations regarding his disciplinary history, while at the same time taking into account the mitigation, namely, respondent's condition and recovery efforts, and his community service.

Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of 18 months, and until further order of this Court. The cross motion is granted to the extent of confirming the Hearing Panel's mitigation findings, and sealing the portions of the testimony of the two character witnesses relating to respondent's recovery, as well as other portions of the record and the instant motion papers which make reference thereto.

FRIEDMAN, J.P., ACOSTA, RENWICK, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, effective February 25, 2016, and until further order of this Court. The Hearing Panel's mitigation findings confirmed, and portions of testimony of two character witnesses sealed, as indicated.